Fahey, J.
(dissenting). My analysis begins with CPL 380.40 (1), which plainly provides that, “[i]n general ...[,] the defendant must be personally present at the time sentence is pronounced.” CPL 380.50 (1), in turn, considers statements at the time of sentencing, and it provides, inter alia, these mandates: “At the time of pronouncing sentence, the court must accord the prosecutor an opportunity to make a statement with respect to any matter relevant to the question of sentence. The court must then accord counsel for the defendant an opportunity to speak on behalf of the defendant. The defendant *1557 also has the right to make a statement personally in his or her own behalf, and before pronouncing sentence the court must ask the defendant whether he or she wishes to make such a statement.”
Both CPL 380.40 (1) and CPL 380.50 (1) apply to resentences (see People v Green, 54 NY2d 878, 880 [1981]; People v Aloi, 78 AD3d 1546, 1547 [2010]; People v Dennis [appeal No. 2], 6 AD3d 1211, 1212 [2004]). Moreover, the legislature built no exception for futility or arrogance—which is a fair characterization of defendant’s behavior—into CPL 380.40 or CPL 380.50, and I do not believe that we should find one here. To the extent that the First Department overlooked those statutes in the Sparber case of People v Covington (88 AD3d 486, 486-487 [2011], lv denied 18 NY3d 858 [2011]; see People v Sparber, 10 NY3d 457 [2008]), I conclude that we should not rely on that precedent, but instead should honor and adhere to the sentencing procedures mandated by the legislature. There is no statutory basis for the exception proposed by the majority. The right to speak at one’s resentencing should be deemed fundamental.
Present—Smith, J.P, Fahey, Peradotto, Sconiers and Valentino, JJ.